# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILLIP SHARPE,

    *Petitioner*,

vs.

NEVIN, *et al.,*

    *Respondents*.

2:16-cv-01841-JCM-VCF

ORDER

By a previous order (ECF No. 6), petitioner was directed to pay the filing fee in order proceed with his federal habeas petition. The court has been informed that petitioner has now paid the full filing fee. Thus, the petition shall be filed.

The court has reviewed the proposed petition and finds that it is defective in several respects. As explained below, the court will provide the petitioner with the opportunity to amend his petition to correct the defects.

To begin with, petitioner has not properly verified the petition by including his signature under penalty of perjury. *See* Rule 2(c)(5), Rules Governing Habeas Corpus Cases Under Section 2254.

In addition, petitioner has omitted exhaustion information for Grounds 4 and 5. This defect arises from petitioner's failure to use the court's form petition to plead these two claims. This defect can be remedied using the method described as follows in the court's instructions for the form petition:

> If you are alleging more than three grounds, attach an additional page for each additional ground (so that there is only one ground per page) and an additional page that provides the information regarding exhaustion of that additional ground. You should make a photocopy of pages 7 & 8 and re-number the ground to #4. Number the additional pages "8-A", "8-B", etc., and insert them immediately behind page 8.

In amending his petition, petitioner is required to use this method to add any claims beyond Ground 3.

As a matter of substantive pleading, two of the petition's five claims are facially defective. A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7 (1977) (*citing* Advisory Committee Note to Rule 4, Rules Governing Cases under 28 U.S.C. § 2254). The petition must instead contain particularized facts "that point to a 'real possibility of constitutional error.'" *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (sources omitted). The facts alleged in the petition must be sufficient in detail to allow the court to determine whether the petition should be summarily dismissed, or should be given further review. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990) (factual details sufficient to support claims must be present *on the face of the petition*).

If the court were called upon the rule on this petition in its current form, Grounds 2 and 3 would be dismissed. For Ground 2, petitioner alleges that the state trial court erred in denying a motion to suppress wiretap evidence without holding an evidentiary hearing or entertaining oral argument. With Ground 3, petitioner alleges that the state trial court erred in denying a second motion to suppress wiretap evidence by misapplying Nevada law. Neither claim identifies the provision(s) of the Constitution or federal law that was violated as result of the trial court's adjudication of the respective motions. *See Estelle v. McGuire,* 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In the absence of specific facts alleging how petitioner's conviction and/or sentence violate his federal rights, Grounds 2 and 3 fail to state a cognizable claim for federal habeas relief.

As noted, the court will provide the petitioner with the opportunity to amend his petition so as to correct these deficiencies. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."). In addition, petitioner should not only correct the noted deficiencies but also include all claims for relief of which he is aware. That is, the petition should contain all exhausted claims and all unexhausted claims which petitioner believes might be a basis for granting relief from the criminal conviction or sentence. An exhausted claim is one that has been fairly

presented to the Nevada Supreme Court.  An unexhausted claim, on the other hand, is one that has not been presented to the Nevada Supreme Court and, indeed, may not have been presented to any court.  If petitioner is aware of any claim and fails to inform this court as provided below, the abuse of the writ rules may bar petitioner from ever raising this claim in a federal court.

The court, therefore, instructs petitioner to consider the matter carefully and to determine all possible claims for habeas corpus relief.  If petitioner knows or learns of any exhausted or unexhausted claims which are not included in the present petition, petitioner should inform the court of these additional claims as provided herein.  Petitioner's failure to inform the court of these additional claims may prevent petitioner from ever raising these claims at a later date.[1]

**IT IS THEREFORE ORDERED** that the Clerk shall FILE the petition for writ of habeas corpus.  The Clerk shall refrain from serving the respondents at this time, pending the amendment of the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of the entry of this order on the record within which to file with the court an amended petition which corrects the deficiencies identified in this order.  In addition to correcting the problems which the court has identified, petitioner shall include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order in the time and manner provided above, the court shall conclude that petitioner does not desire to pursue this matter, and shall enter an order dismissing this case, without prejudice.

**IT IS FURTHER ORDERED** that the clerk shall SEND petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

DATED:  November 8, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

-3-