# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILLIP SHARPE,

     *Petitioner*,

vs.

NEVIN, *et al.,*

     *Respondents*.

2:16-cv-01841-JCM-VCF

ORDER

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 brought by Phillip Sharpe, a Nevada prisoner. On May 18, 2017, respondents filed to a motion to dismiss arguing that Sharpe's habeas petition is untimely under 28 U.S.C. § 2244(d), that one of the claims in the petition is unexhausted, and that all of the claims are not cognizable in this proceeding. ECF No. 16. In response to the motion, Sharpe filed an amended petition and a request that this court stay proceedings and hold them in abeyance while he pursues state court exhaustion. ECF Nos. 22/23. He also filed a motion for appointment of counsel. ECF No. 24.

As an initial matter, respondents' argument as to the timeliness of the petition is without merit. Respondents concede that Sharpe's petition became final on September 9, 2015, for the purposes of 28 U.S.C. § 2244(d)(1)(A). ECF No. 16, p. 2-3. Petitioner initiated this proceeding on July 27, 2016, well within § 2244(d)'s one-year statutory period. ECF No. 9, p. 1. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (under the "mailbox rule" a pro se petition is deemed filed when it is given to prison authorities for forwarding to the court clerk).

1      Though Sharpe's petition is timely, respondents' arguments as to the cognizability of Sharpe's

2    claims appear to have merit – i.e., the claims would not provide grounds for habeas relief because they

3    are either barred by the holding in *Stone v. Powell*, 428 U.S. 465 (1976), or they present only questions

4    of state law.  Sharpe's proposed amended petition (ECF No. 23), however, contains claims alleging that

5    he was deprived of his Sixth Amendment right to effective assistance of counsel, which are cognziable

6    in a federal habeas proceeding.  Thus, this court will grant Sharpe leave to file the amended petition and

7    deny respondents' motion to dismiss without prejudice.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir.

8    1971) (per curiam) ("[A] petition for habeas corpus should not be dismissed without leave to amend

9    unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

10      In addition, the court will also grant Sharpe's request to stay these proceedings to allow him to

11    exhaust his state court remedies.  In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court

12    authorized the federal court to facilitate habeas petitioners' return to state court to exhaust claims.  The

13    Court in *Rhines* stated that, "[I]t likely would be an abuse of discretion for a district court to deny a stay

14    and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his

15    unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged

16    in intentionally dilatory litigation tactics."  *Id*. at 278.

17       "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by

18    sufficient evidence, to justify [the failure to exhaust a claim in state court]."  *Blake v. Baker*, 745 F.3d

19    977, 982 (9th Cir. 2014).  "While a bald assertion cannot amount to a showing of good cause, a

20    reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."  *Id*.  An

21    indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S.

22    408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether

23    a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."

24    *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U .S. at 278).

25      Here, Sharpe filed his federal petition before seeking post-conviction relief in state court, which

26    is the only avenue by which he can exhaust his ineffective assistance of counsel claims.  He claims that

27    he filed his federal petition first "to prevent being time barred."  ECF No. 22, p. 2.  In addition, he

28    claims that his ability to pursue post-conviction relief has been impeded by health problems, including

1  diabetes and cancer treatments.

2      Sharpe has demonstrated good cause under *Rhines* for failing to exhaust claims prior to filing

3  his federal petition.  Moreover, his ineffective assistance of counsel claims do not appear to be "plainly

4  meritless." *See Rhines*, 544 U.S. at 277.  Thus, his request for a stay and abeyance of this federal habeas

5  corpus proceeding shall be granted.

6      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 16) is

7  DENIED without prejudice.

8      **IT IS FURTHER ORDERED** that petitioner's motion for leave to file an amended petition

9  and for stay and abeyance (ECF No. 22) is GRANTED.  This action is STAYED pending exhaustion

10  of petitioner's unexhausted claims.

11      **IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner further

12  litigating his state post-conviction petition or other appropriate proceeding in state court and returning

13  to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the

14  Supreme Court of Nevada at the conclusion of the state court proceedings.

15      **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No.

16  24) is DENIED without prejudice to petitioner renewing the motion, if necessary, when these

17  proceedings are reopened.

18      **IT IS FURTHER ORDERED** that the clerk shall administratively close this action, until such

19  time as the court grants a motion to reopen the matter.

20      DATED:  January 31, 2018.

21

22      _____

23      UNITED STATES DISTRICT JUDGE

24

25

26

27

28

-3-